**99 So.2d 316**

**CITY OF NEW ORLEANS**

v.

**Lucius S. FORSYTH.**

**No. 43396.**

Nov. 12, 1957.

Rehearing Denied Jan. 9, 1958.

Alvin J. Liska, City Atty., David H. Mac-Hauer, Asst. City Atty., New Orleans, for appellant.

Anthony J. Vesich, Jr., New Orleans, for appellee.

McCALEB, Justice.

The City of New Orleans is attempting to collect occupational license taxes from, the defendant for conducting the business of lottery vendor in the Parish of Orleans, it being claimed that this business is taxable under the omnibus clause, Section 33, of the City Occupational License Tax Ordinance, No. 200, M.C.S.

The suit was dismissed by the district court on an exception of no cause of action, the judge holding that, since the State has not levied a license tax on lottery vendors, Section 8 of Article 10 of the Constitution precludes the city from doing so. The City has appealed.

The City Attorney, of course, concedes that the city may not constitutionally levy an occupational license tax on any business (save liquor dealers) which is not similarly taxed by the State but it is contended that R.S. 47:395, the omnibus clause of the State Occupational License Law (R.S. 47:341–405), imposing a tax on all occupations, not otherwise specifically enumerated in the law, extends to and includes unlawful occupations as well as lawful ones. It is argued that this is necessarily so because the State Occupational License Law is purely a revenue measure and not designed for the purpose of regulating the licensed businesses and occupations under the police power of the State. In support of the proposition, much reliance is placed on our decision in Giamalva v. Cooper, 217 La. 979, 47 So.2d 790, wherein it was held that Section 20(d) of Act 15 of 1934, 3rd Ex. Sess., as amended by Act 6 of 1948 (now R.S. 47:375F), which levies a tax on .the business of operating gambling slot machines, is not violative of Section 8 of Article 19 of the Constitution, declaring that gambling is a vice and the Legislature shall pass laws to suppress it.

The position of the city is not tenable. Other than the tax on the business of operating a slot machine, we know of no instance in which the State has imposed an occupational license tax on an illegal business. A reading of the occupational license tax statute makes clear the intention of the Legislature to impose the taxes solely on the lawful businesses and occupations therein enumerated and the circumstance that the act contains an omnibus provision (R.S. 47:395) levying a tax on any business not otherwise specially provided in the law, furnishes no valid basis for believing that it was designed to thereby include unlawful as well as lawful pursuits. Indeed, the legislative intent to confine the levy to lawful enterprises is plainly manifested in R.S. 47:401, providing for proceedings by rule against delinquent taxpayers for the non-payment of the tax and authorizing judgments in favor of the State " * * * prohibiting the taxpayer from the further pursuit of the business until such time as he has paid the delinquent tax, interest, penalties and costs * * *".

Furthermore, as found by the district judge, the legislative purpose to tax only

lawful businesses is shown by the fact that, in the only instance in which a license tax has been imposed on an unlawful business, the operation of slot machines, it was done by special enactment and it was provided that the payment of the tax imposed shall "not be held to legalize the operation of any machine or device defined herein which is prohibited by law." The presence of that proviso in the statute had considerable bearing on the conclusion reached in the Giamalva case that the law did not contravene the constitutional provision denouncing gambling as a vice and ordering its suppression by the Legislature.

The judgment appealed from is affirmed.

FOURNET, C. J., absent.